[687 NYS2d 409]

In the Matter of ANDREW H. DIAMOND, an Attorney, Resignor.

Second Department, March 29, 1999

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana Maxfield Kearse* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Andrew H. Diamond,* Forest Hills, resignor *pro se.*

### OPINION OF THE COURT

Per Curiam.

Andrew H. Diamond has submitted an affidavit, dated January 6, 1999, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Diamond was

admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on June 26, 1991.

Andrew H. Diamond avers that his resignation is freely and voluntarily tendered and that he was not being subjected to coercion or duress. He is fully aware of the implications of submitting his resignation.

Mr. Diamond is aware that the Grievance Committee is currently investigating five separate complaints of professional misconduct against him. One matter deals with the respondent's improper use of his escrow account and his notary. The remaining four matters deal with the respondent's representation of clients in real estate transactions.

Mr. Diamond acknowledges that if charges were brought against him based upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Mr. Diamond avers that his resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Appellate Division to make such an order and is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. Mr. Diamond specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of Mr. Diamond's resignation. Inasmuch as the proffered resignation is in full compliance with the Court's rules, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and McGINITY, JJ., concur.

Ordered that the resignation of Andrew H. Diamond is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew H. Diamond is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Andrew H. Diamond shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Andrew H. Diamond is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.