[756 NYS2d 237]

In the Matter of JEFFREY E. DIAMOND (Admitted as JEFFREY EDWIN DIAMOND), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 3, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*Harvey L. Greenberg*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct. In his answer, he admitted in part, and denied in part, the factual allegations contained in the petition and denied that he was guilty of professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the report, or in the alternative, to limit the sanction imposed to a public censure.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]):

The respondent's brother and law partner, Andrew Diamond, was disbarred from the practice of law by an opinion and order of this Court dated March 29, 1999 (253 AD2d 175). The respondent and his father, Nathan Diamond, who is also an attorney, continued to practice law under the firm name of Diamond & Diamond.

In May 1999 Carol Ann La Luna was referred to Diamond & Diamond by her real estate broker in connection with the sale of her cooperative apartment. The contract of sale was prepared by the law firm. It listed the respondent as the attorney for the buyers and Andrew Diamond as the attorney for the seller, Ms. La Luna. The respondent failed to disclose to Ms. La Luna that his brother was disbarred and was no longer employed at the firm. The respondent intentionally concealed the fact of his brother's disbarment from Ms. La Luna throughout the transaction.

Charge Two alleged that the respondent engaged in an impermissible conflict of interest in a real estate transaction, in violation of Code of Professional Responsibility DR 5-105 (a) and (c) (22 NYCRR 1200.24 [a], [c]):

The respondent represented both the buyer and the seller in the sale of the aforementioned cooperative apartment. The respondent failed to disclose to the seller, Ms. La Luna, the implications of simultaneous representation and the advantages and risks involved.

Charge Three alleged that the respondent engaged in an impermissible conflict of interest in a real estate transaction, in violation of Code of Professional Responsibility DR 5-105 (a) and (c) (22 NYCRR 1200.24 [a], [c]):

In 1999 Cecil Seedansingh and Sharon Seedansingh retained the respondent to represent them in connection with the sale of their home in Ozone Park, New York, to Kishore Jagdeo. The respondent also represented the purchaser, Mr. Jagdeo. The respondent failed to disclose to the Seedansinghs the implications of simultaneous representation and the advantages and risks involved.

Based on the evidence adduced at the hearing, the Special Referee properly sustained all three charges.

In determining the appropriate measure of discipline to impose, the respondent asks this Court to consider that he was forthcoming with the Grievance Committee, that no one was harmed, that both transactions were completed without incident, that he has learned from his mistakes, and that he will not engage in dual representation any more. He contends that the sanction imposed should be limited to a public censure.

The respondent's prior disciplinary history consists of a letter of caution, a personally-delivered admonition, and two other admonitions since 1990. The two admonitions, which were issued in 1998 and 2000, respectively, involved conflicts of interest. The personally-delivered admonition involved a misrepresentation, and the letter of caution involved counseling someone to disregard a court order.

Under the totality of the circumstances, including the respondent's prior disciplinary history, which contains misconduct similar to the present misconduct, the respondent is suspended from the practice of law for a period of three years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Jeffrey E. Diamond, is suspended from the practice of law for a period of three years, commencing March 3, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules

governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey E. Diamond, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.